OPINION
Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc. R. 12(5).
On December 23, 1997, Ms. Vivian Thomas, Appellee, during the course of her employment with Tuway American Group, Appellant, suffered an injury to her right shoulder and arm. The injury was later confirmed by Doctor Robert C. Adams and was labeled a right rotator cuff tear. As a result of the injury, Ms. Thomas filed a claim for worker's compensation benefits. Her benefits were initially denied by the District Hearing Officer on May 14, 1998. Following appropriate administrative procedures Ms. Thomas appealed that ruling and the benefits were again denied by the Staff Officer of the Industrial Commission on June 16, 1998.
On June 22, 1998, Ms. Thomas appealed the administrative ruling to Court of Common Pleas of Mercer County. In response to a pre-trial scheduling conference Tuway American Group filed a pre-trial brief and noted in that brief that it would be filing a Motion in Limine. On the morning of September 22, 1999, just before the trial was to commence Tuway filed a Motion in Limine requesting that the testimony of Ms. Thomas' "expert", Dr. Robert C. Adams, be excluded because he was not qualified to render an opinion. The trial court excused the jury and heard arguments from counsel in support of and in opposition to the Motion. Tuway argued that Dr. Adams was not qualified to render an opinion because: a) His opinion was not based upon sufficient facts or data; b) His testimony was not based on reliable principles and methods; and c) The witness had failed to apply the proper principles and methods to the facts of this case. After those arguments the trial court ruled that the Motion in Limine to exclude the testimony of Dr. Adams was denied. At trial Tuway renewed its Motion to Exclude and it was again overruled.
After trial, on October 13, 1999, the jury returned a verdict in favor of Ms. Thomas. The verdict stated that Ms. Thomas was entitled to participate in benefits of the Worker's Compensation Fund for the condition known as "right rotator cuff tear" as a result of her injury on Dec. 23, 1997. On appeal from that judgment Tuway presents the following assignment of error:
 The trial court erred in denying the Defendant's Motion in Limine and Motion to Exclude the testimony of the Plaintiff's expert as being unreliable pursuant to Evidence Rule 702.
Tuway's sole argument is that the trial court erred when it denied the Motion in Limine and proceeded to admit the testimony of Dr. Adams over a subsequent Motion to Exclude at trial because Dr. Adams did not qualify as an expert under Evidence Rule 702. At the outset we observe that an Appellate Court does not directly review the rulings on a Motion in Limine. A pretrial ruling on such a motion is a "preliminary precautionary ruling by a court in anticipation of its ruling on evidentiary issues at trial." Statev. Grubb (1986), 28 Ohio St.3d 199, 503 N.E.2d 142;McCabe/Marra Co. v. Dorer (1995) 100 Ohio App.3d 139, 652 N.E.2d 236. Upon denial of a Motion in Limine, there is no error preserved for review. State v. Hill (1996), 75 Ohio St.3d 195, 661 N.E.2d 1068. Thus, the evidence at issue must be presented at trial, and a proper objection made, in order to preserve the error for appeal.State v. Grubb (1986), 28 Ohio St.3d 199, 201, 503 N.E.2d 142,145.
The record before us reveals that Tuway did indeed file a Motion in Limine to exclude the testimony of Dr. Adams and it was denied. At trial Tuway renewed its Motion to Exclude and it was again denied. As a result, the error properly before us is whether the Trial Court correctly admitted the testimony of Dr. Robert C. Adams as "expert" testimony.
Evidence Rule 702 addresses the qualifications necessary to accord a witness "expert" status:
 A witness may testify as an expert if all of the following apply:
 A. The witnesses testimony relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons.
 B. The witness is qualified as an expert by specialized knowledge, skill, experience, training or education regarding the subject matter of the testimony.
 C. The witness' testimony is based upon reliable scientific, technical or other specialized information. To the extent that the testimony reports the results of procedure, test or experiment, their testimony is reliable only if all of the following apply:
 (1) The testimony upon which the procedure, test or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts or principles.
 (2) The design of the procedure, test or experiment reliably implements the theory;
 (3) The particular procedure, test or experiment was conducted in a way that will yield an accurate result.
"The individual offered as an expert need not have complete knowledge of the field in question as long as the knowledge she possesses will aid the trier-of-fact in performing its fact-finding function." State v. Baston (1999) 85 Ohio St.3d 418,423 citing State v. D'Ambrosio (1993), 67 Ohio St.3d 185,616 N.E.2d 909.
A ruling concerning the admission of expert testimony is within the broad discretion of the trial court and will not be overturned absent an abuse of discretion. Alexander v. Mt. CarmelMed. Ctr. (1978), 56 Ohio St.2d 155, 157, 383 N.E.2d 564, 566. "An abuse of discretion involves more that an error of judgment; it connotes an attitude on the part of the court that is unreasonable, arbitrary or unconscionable." Nichols v. Hanzel
(1996), 110 Ohio App.3d 591 citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142 citing State v.Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144, 148. When applying an abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308-09.
The record before us reveals that Dr. Adams is a medical doctor; he is a board certified family practice specialist with over twenty years of experience; he has treated shoulder injuries frequently in his practice; he has diagnosed rotator cuff tears on a monthly basis for twenty years. The testimony given by Dr. Adams was based upon his own examination of Ms. Thomas which was given in accordance with his training and experience.
Despite this, Tuway argues that Dr. Adams was not qualified to testify as an expert because he testified that he was not a specialist in the area of "rotator cuff tears". However, Evidence Rule 702 does not require that the witness be a specialist, he need only have knowledge outside the common ordinary understanding of the jurors that was gained by special education or training. As has been discussed above, Dr. Adams was a board certified doctor who treated "rotator cuff tears" at least once a month. Simply because Dr. Adams does not concentrate his practice in "rotator cuff tears" does not mean that he is not qualified to testify as an expert under the Rules of Evidence. As the Supreme Court has stated, the witness need not be "the best witness on the subject" to qualify as an expert. Alexander v. Mt. Carmel Med.Ctr. (1978), 56 Ohio St.2d 155, 159, 383 N.E.2d 564, 566.
As a result, this court cannot say that the admission of Dr. Adams testimony as an expert was an abuse of discretion. No error having been shown, the judgment of the Court of Common Pleas of Mercer County is affirmed.
Judgment affirmed.
SHAW and WALTERS, JJ., concur.